# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4555 | **DATE** | 10/28/2010 |
| **CASE TITLE** | Wess vs. United States Government | | |

**DOCKET ENTRY TEXT**

Government's motion for summary judgment [5] is granted. Plaintiff's oral motion to remand this case to State Court is granted.

■[ For further details see text below.]                                   Docketing to mail notices.

00:06

## STATEMENT

Plaintiff Marie Wess ("Wess") filed suit in the Circuit Court of Cook County on September 2, 2008 against Mt. Sinai Hospital Medical Center of Chicago, Sinai Health System, Sinai Medical Group, Girija Kumar, M.D., Asra Kahn, M.D., and Katherine Thurer, M.D. ("Thurer"), alleging medical negligence for an incident that occurred in February 2008. The United States substituted itself for Thurer, a federal employee, and removed to this Court. The United States moves for summary judgment, claiming Wess failed to follow the appropriate framework under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. ("FTCA"). For the following reasons, the United States' Motion for Summary Judgment is granted.

Wess originally brought suit against various medical personnel, including Thurer, in state court on September 2, 2008. (Pl. 56.1 Resp. ¶ 1.) The United States deemed Thurer a federal employee, removed the state court action on February 17, 2009, and substituted itself as a defendant in place of Thurer. (Pl. 56.1 Resp. ¶¶ 2, 3.) On April 9, 2009, by agreement of the parties, the claims against the United States were dismissed without prejudice and the claims against the remaining defendants were remanded to state court. (Pl. 56.1 Resp. ¶ 3.) In September 2009, Wess filed an administrative claim with the Department of Health and Human Services ("DHHS"). (Pl. 56.1 Resp. ¶ 4.) DHHS denied Wess' administrative claim on March 4, 2010. (Pl. 56.1 Resp. ¶ 4.) In its letter denying her claim, DHHS notified Wess that the United States was the only proper defendant and that federal court was the appropriate forum to file suit challenging its determination. (Pl. 56.1 Resp. ¶ 4.) On April 20, 2010, Wess amended her state court complaint to reinstate Thurer as a party defendant. (Pl. 56.1 Resp. ¶ 5.) Wess re-served Thurer with a state court summons and a copy of the amended state court complaint. (Pl. 56.1 Resp. ¶ 7.) On July 22, 2010, the United States removed the state court action to federal court for a second time. (Pl. 56.1 Resp. ¶ 8.)

Summary judgment is proper if "the pleadings . . . and admissions on file, together with affidavits . . .

show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The FTCA provides that federal district courts shall have exclusive jurisdiction of civil actions on claims against the United States for injuries caused by any employee of the Government while working in the scope of his office or employment. 28 U.S.C. § 1346(b). "An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a); *see McNeil v. U.S.*, 508 U.S. 106, 113 (1993) (lawsuits filed before federal agency finally denies a claim are premature and must be dismissed).

Tort claims against the United States are forever barred unless "action is begun" within six months of the agency denial. 28 U.S.C. § 2401(b). A plaintiff who files a premature FTCA claim, and subsequently exhausts his administrative remedies, must file a new complaint in federal district court. *See, e.g., Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (premature complaint cannot be cured through amendment; instead plaintiff must file a new suit); *Edwards v. D.C.*, 616 F. Supp. 2d 112, 117 (D.D.C. 2009) (failure to exhaust administrative remedies cannot be cured by amending the complaint); *Sparrow v. U.S. Postal Serv.*, 825 F. Supp. 252, 255 (E.D. Cal. 1993) (FTCA requires administrative claim be finalized at the time complaint is filed; plaintiff's complaint cannot be cured through amendment); *Baires v. U.S.*, C 09-5171, 2010 WL 3515749 at * 9, n. 7 (N.D. Cal. Sep. 8, 2010) (Breyer, J.) (noting there is "more agreement" that a plaintiff who files an untimely FTCA action and subsequently exhausts his administrative remedies, cannot then amend his complaint to cure the initial error); *Estate of Przysiecki v. Eifert*, 07 CV 39, 2007 WL 3306074 at *3 (S.D. Cal. Nov. 2, 2007) (Hayes, J.) (to permit plaintiff's premature filing of an FTCA claim to be cured by filing an amended complaint after plaintiff exhausted administrative remedies would be inconsistent with case law and the rationale behind the jurisdictional prerequisite mandated by FTCA); *Ficken v. Rice*, Civ. A. 04-1132, 2006 WL 123931 at *8 (D.D.C. Jan. 17, 2006) (Urbina, J.) (plaintiff's failure to exhaust is fatal to his claim, and the defect cannot be cured by amendment of the complaint at a later date).[1] Failure to comply with the requirements of the FTCA "leaves the plaintiff with no forum for his or her claim." *Charlton v. U.S.*, 743 F.2d 557, 558 (7th Cir. 1984).

Here, it is undisputed that at the time of Wess' first removal to district court, she had not exhausted her administrative remedies and her claims against the United States were properly dismissed without prejudice. After exhausting her administrative remedies, DHHS unambiguously informed Wess that to challenge its determination, she must bring suit against the United States in federal district court.

Wess' decision to amend her state court complaint to rename Thurer as a party defendant, instead of filing a new complaint in federal court against the United States, does not constitute a "fresh suit" and does not comply with DHHS' instructions. *See McNeil*, 508 U.S. at 110 (*quoting McNeil v. U.S.*, 964 F.2d 647, 648-49 (7th Cir. 1992) ("[u]nless McNeil began a fresh suit within six months [of the denial of his administrative remedy], he loses"); *see, e.g.*, *Jenssen v. U.S. Postal Serv.*, 763 F. Supp. 976, 980 (N.D. Ill. 1991) (denying motion to amend complaint to add the United States as a defendant where plaintiff had already received an administrative denial letter informing her that she could file suit against the United States yet she chose not to do so). Moreover, the United States never consented to an amended complaint being sufficient to cure Wess' failure to exhaust. *See Mires v. U.S.*, 466 F.3d 1208 (10th Cir. 2006) (where government consents, plaintiff may file an amended complaint to cure exhaustion). Under these circumstances, allowing Wess to proceed by amending her state court complaint to rename Thurer as a party defendant would undermine the FTCA's firm exhaustion requirement. *See Kaba v. Stepp*, 458 F.3d 678 (7th Cir. 2006) (the only proper defendant in an FTCA action is the United States); *see, e.g., Sparrow*, 825 F. Supp. at 255 (allowing plaintiff to amend complaint after denial of administrative claim would render the exhaustion requirement meaningless).

| STATEMENT |
|---|
|     Wess had explicit instructions from DHHS that she should bring suit against the United States in federal court and yet she amended her state court complaint to rename Thurer as a party defendant.  Wess' failure to bring suit against the United States in federal court after exhausting her administrative remedy is inconsistent with the FTCA's procedural requirements.  As such, the United States' Motion for Summary Judgment is granted. |

    1. While the Seventh Circuit does not view time limits in litigation as jurisdictional, it does note that "conditions on litigation against the United States may be 'mandatory' without being 'jurisdictional.'" *Wis. Valley Improvement Co. v. U.S.*, 569 F.3d 331, 334 (7th Cir. 2009).